**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

DAMION DEAN,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 1:17cr93

Judge Michael R. Barrett

## **OPINION & ORDER**

This matter is before the Court on Petitioner Damon Dean's Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255. (Docs. 63). The United States filed a Response in Opposition. (Doc. 65). For all the reasons indicated herein, the Court **DENIES** Petitioner's Section 2255 Motion.

**I.    BACKGROUND**

On February 26, 2018, Petitioner plead guilty to the one-count Superseding Information charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (Doc. 29). On August 24, 2018, this Court sentenced Petitioner and then entered final judgment on August 27, 2018. (Docs. 38, 39). Petitioner filed a notice of appeal (Doc. 41), but he later moved to voluntarily dismiss the appeal (Doc. 59). The Sixth Circuit dismissed the appeal on April 23, 2019.

On August 17, 2020, Petitioner filed a *pro se* 28 U.S.C. § 2255 motion to vacate his sentence. (Doc. 63).[1] Petitioner argues that he is actually innocent. Petitioner

---

[1] The filing date of the motion is either the date Petitioner certified that he had placed the document in the prison mail or the date he signed the document under penalty of perjury. *See Towns v. United States*, 190 F.3d 468, 469 (6th Cir.1999). While Petitioner's motion was filed by the Clerk's Office on August 24, 2020, Petitioner signed his motion on August 17, 2020.

explains that he did not violate 18 U.S.C. § 922(g)(1) because he did not possess knowledge that he violated the statute.

The United States responds that Petitioner's § 2255 motion is untimely; and Petitioner has not presented this Court with a basis to alter or toll the running of the one-year limitation period.

## II. ANALYSIS

A prisoner seeking relief under 28 U.S.C. § 2255 must allege either "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003) (citing *Weinberger v. U.S.*, 268 F.3d 346, 351 (6th Cir.), *cert. denied*, 535 U.S. 967 (2001)).

A one-year statute of limitations applies to the filing of a § 2255 motion. 28 U.S.C. § 2255(f).[2] When an appeal is voluntarily dismissed, the conviction is considered final, and the limitations period for filing a § 2255 motion begins to run. *United States v. Goward*, 719 F.Supp.2d 792, 794 (E.D. Mich. 2010) (explaining that

---

[2]The one-year statute of limitations is measured from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

when a notice of appeal is voluntarily dismissed, further direct review is not possible and therefore § 2255's limitations period begins to run when the defendant's appeal is dismissed); *see also Sermon v. United States*, Case No. 13-cv-02808, 2017 WL 980626, at *7 (W.D. Tenn. Mar. 13, 2017) (explaining that the defendant's "conviction[s] became final on the date the appeal was voluntarily dismissed."). Therefore, Petitioner's conviction became final on April 23, 2019, the date on which the Sixth Circuit granted his motion to voluntarily dismiss his direct criminal appeal. As a result, Petitioner's time for filing a § 2255 motion expired one year later on April 23, 2020. Petitioner did not file his § 2255 motion until August 17, 2020. However, under § 2255(f)(3), a prisoner may file a habeas application within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

In setting forth his ground for relief, Petitioner presumably relies on *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019). In *Rehaif,* the Supreme Court held that, "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. However, the Sixth Circuit has recently held that the "rule stated in *Rehaif* is a matter of statutory interpretation, not a 'new rule of constitutional law.'" *Khamisi-El v. United States*, 800 F. App'x 344, 349 (6th Cir. 2020) (citation omitted). This conclusion is in keeping with both the Eleventh and Third Circuits, and a number of district courts in this Circuit which have also held that *Rehaif* does not apply retroactively to cases on

collateral review. *United States v. Dawkins*, No. 1:17-CR-129, 2021 WL 149020, at *2 (S.D. Ohio Jan. 15, 2021) (citing *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019), *In re Sampson*, 954 F.3d 159 (3rd Cir. 2020) and collecting cases). Because this decision by the Supreme Court does not announce a new rule of constitutional law which is retroactively applicable on collateral review, *Rehaif* cannot form the basis for § 2255 relief. Moreover, even if *Rehaif* was applicable, Petitioner's § 2255 would be untimely. *Rehaif* was decided on June 21, 2019. Therefore, any motion relying upon *Rehaif* was to be filed by June 21, 2020. Petitioner's motion, however, was not filed until August 17, 2020.

Petitioner has not set forth any basis for equitable tolling. Equitable tolling is rarely granted and "is evaluated on a case-by-case basis, with the petitioner having the ultimate burden of persuading the court that he or she is entitled to equitable tolling." *Keeling v. Warden*, 673 F.3d 452, 462 (6th Cir. 2012) (quoting *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011) (internal quotations omitted). "A petitioner is entitled to equitable tolling 'only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Jefferson v. United States*, 730 F.3d 537, 549 (6th Cir. 2013) (quoting *Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010)). Because Petitioner has not demonstrated that he is entitled to equitable tolling, and therefore his Motion to Correct Sentence is untimely.

### IV. CONCLUSION

Pursuant to Title 28 U.S.C. § 2255, the Court finds that the motions, files, and records of this case conclusively show that Petitioner is not entitled to relief. Therefore,

a hearing is not necessary to determine the issues and make the findings of fact and conclusions of law with respect thereto. *Smith v. United States*, 348 F.3d 545, 550-51 (6th Cir. 2003). The claims raised are conclusively contradicted by the record and the well-settled law of the Sixth Circuit and the United States Supreme Court. Accordingly, Petitioner's Motion to Vacate pursuant to 28 U.S.C. § 2255 (Doc. 63) is **DENIED.**

Further, the Court will not issue a certificate of appealability in this case. When a district court denies a motion on procedural grounds without addressing the merits of the motion, a certificate of appealability should issue if the movant shows "that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the movant should be allowed to proceed further. *Id*. at 484. This Court concludes that no jurists of reason could find its procedural ruling to be debatable, and therefore no appeal is warranted.

**IT IS SO ORDERED.**

                                                 */s/ Michael R. Barrett*
                                                 Michael R. Barrett, Judge
                                                 United States District Court